N. G. & G. D. RAND, Administrators, v. THE STATE NATIONAL BANK OF RALEIGH.

*Practice--Complaint and Answer--Deposit in Bank--Parties.*

1. A plaintiff cannot abandon the averments of his complaint and fall back upon a collateral statement of facts set out in the answer. The proper course is to ask leave to amend the complaint and thereby present the point of law desired.

2. Where plaintiffs, as administrators, and one P deposited certain money and valuable papers with a bank, with the agreement that the same should be drawn out only upon the joint order of plaintiffs and P ; *Held*, in an action by the administrators against the bank for the recovery of the deposits, to which action P was not made a party, that the plaintiffs were not entitled to recover.

CIVIL ACTION tried at Spring Term, 1877, of WAKE Superior Court, before *Buxton, J.*

The case is sufficiently stated by THE CHIEF JUSTICE. Upon the pleadings His Honor gave judgment for the plaintiffs and the defendant appealed.

*Messrs. Merrimon, Fuller & Ashe* and *Geo. H. Snow,* for plaintiffs.

*Messrs. D. G. Fowle* and *Walter Clark,* for defendant.

PEARSON, C. J. The complaint alleges that the plaintiffs, as administrators of one Parker Rand, deposited with the

defendant a large amount of money and a tin box containing papers of great value to be kept by the Bank and delivered to plaintiffs on demand.

The answer denies that the deposits were made by the plaintiffs and were to be delivered to the plaintiffs on demand, and avers that the deposits were made by the plaintiffs and W. H. Pace jointly, and that it was agreed that said deposits should only be drawn out upon the joint order of the plaintiffs and Pace, and that defendants undertook to abide and perform that agreement. It also avers that the reason that the deposits were not handed to the plaintiffs on demand, was, that Pace refused to concur in allowing the deposits to be withdrawn.

The want of proper frankness and the reticence of the complaint *per se* puts the plaintiffs out of Court, for their averment is denied and is admitted by them not to be true. The plaintiffs cannot abandon the averments of the complaint and fall back upon a collateral statement of the facts set out in the answer. Their course was to ask leave to amend the complaint so as to make it correspond with the answer, which they admit to be true by putting in a demurrer. In this way the point of law could have been presented.

Passing by this objection upon the pleadings which is fatal, we think it clear that the point of law is against the plaintiffs, and we should have supposed that it did not admit of any question, except for the fact that His Honor takes a different view of it.

Pace had acquired an interest in this fund and a right in a great measure to the control of it, and the defendant had expressly agreed not to deliver it to the plaintiffs without his consent. Upon what principle can a Court of justice force him to violate this undertaking?

The legal title of the personal estate vests in the executor or administrator. They have much more ample power to

dispose of it than an ordinary trustee, and if they do so to a purchaser with notice, it is presumed to be in order to meet the exigencies of the estate in the absence of gross fraud. Suppose the administrators for some purpose or other had transferred to Mr. Pace an interest in these assets and conferred upon him the right in a great measure to control such assets; they had the power to do so, and it could only be set aside upon the ground of fraud. The plaintiffs would not be the proper parties to complain of a fraud in which they participated. That would be a matter for the creditors or distributees, except the plaintiffs could aver and prove that Pace was acting as their attorney, which fact is no where averred, and that by means of undue influence he took an unfair advantage, of which fact there is no averment, and upon that ground ask to have the contract with him and the subsequent contract with the defendant set aside. If these averments had been made, surely Pace could not be convicted of fraud without an opportunity of being heard.

It cannot be tolerated that plaintiffs should file a skeleton of a complaint and seek to eke out a cause of action from matter set out in the answer of a defendant, who is a mere stake holder and against whom there is no charge of fraud.

Error. Judgment reversed and judgment that defendant "go without day" and recover his costs.

PER CURIAM.                                    Judgment reversed.