\* C. J. TAYLOR v. J. C. PLUMMER.

*Appeal—Exceptions—Rule 27.*

1. Where there are no exceptions stated in the case on appeal, and no errors appear upon the face of the record, the judgment must be affirmed.

2. The refusal to give instructions, if asked in writing and in apt time, like the chaige as given, is deemed excepted to (*The Code,* § 412 (3)), but none the less it is the duty of the appellant to assign such as error in making up his statement of case on appeal (*The Code,* § 550), and if this is not done, the exception is deemed waived. (Rule 27 (4).)

This was a CIVIL ACTION, tried before *Gilmer, J.,* at Fall Term, 1889, of Alleghany Superior Court.

Defendant appealed.

*Mr. J. N. Holding,* for plaintiff
*Mr. C. M. Busbee,* for defendant.

CLARK, J.: No exceptions to the evidence or rulings and no assignments of error are set out in the case on appeal. There is nothing to show that the defendant is dissatisfied with anything that occurred during the progress of the trial beyond the bare fact that he appealed; nor does any error appear upon the face of the record proper, as distinguished from the "case on appeal." By the settled rules of practice, the judgment must be affirmed.

It appears that the defendant asked the Court to give certain special instructions, which were not given—at least in the form asked. It does not appear that they were asked in apt time—*i. e.,* at the close of the evidence (*Powell* v. *Railroad,* 68 N. C., 395), nor that they were in writing, as required

\* Head-note by CLARK, J.

by *The Code,* § 415. Assuming, however, that it did appear that the instructions were asked in writing and in apt time, no exception was noted to the failure to give them, and no assignment of error on that ground is stated in the case. *The Code,* § 550, requires the appellant to "cause to be prepared a concise statement of the case, embodying the instructions of the Judge as signed by him, if *there be an exception thereto,* and the requests of counsel of the parties for instructions, if there be *any exceptions on account of the granting or withholding thereof,* and stating separately, in articles numbered, *the errors alleged.*" When the assignment of error or exception for failure to give an instruction asked is set out in the appellant's case, as required by this section, the Judge is put upon notice to give, fully, the charge on that point, and it may appear, if this is done, that there was no error, or that the instruction, though refused as asked, was given in substance. This being a Court for the correction of errors, the errors complained of must appear by exception noted, or error assigned, and be set out in the case on appeal. The provisions in this regard in the statute are easily observed and have been often construed. The rules of the Court, and the decisions, are explicit. The statutory regulations as to exceptions and assignment of error are intended to give equal rights to both sides, and to prevent surprise by springing unexpected objections and presenting points in this Court which would have been cured by a more careful and accurate statement of the case on appeal, in that particular, if the matter had been called to the attention of the other party by the appellant's statement of the case on appeal. This, too, avoids cumbering the transcript with needless fullness in immaterial matters as to which no exception is made.

In substance, these provisions are:

1. Exceptions to the evidence and all matters occurring on the trial, except the charge of the Court, must be noted

*at the time. The Code,* § 412 (2). If not, they are waived. *State* v. *Ballard,* 79 N. C., 627; *Scott* v. *Green,* 89 N. C., 278.

2. The charge and the refusal to give instructions asked, need not be excepted to *at the time,* but are deemed excepted to. *The Code,* § 412 (3). But none the less, it is the duty of the appellant to assign specifically the errors in that regard, in making out his statement of the case on appeal. *The Code,* §550; *McKinnon* v. *Morrison,* 104 N. C., 354, in which case the authorities are collected and reviewed.

3. An omission to charge on any point is not usually assignable as error, unless an instruction was asked and refused. *State* v. *Bailey,* 100 N. C.; 528, and cases there cited.

4. Exceptions noted on the trial, and exceptions which, after the verdict, the losing party desired to assign to the charge, or to the refusal or granting of special instructions, must be set out by appellant in making out his statement of the case on appeal (*The Code,* § 550, cited above), or they are deemed waived. No other exceptions than those set out "will be considered by the Court, except exceptions to the jurisdiction, or because the complaint does not state a cause of action, or motions in arrest of judgment for the insufficiency of an indictment." Rule 27 of the Rules of Court.

5. Errors upon the face of the record proper, *i. e.,* process, pleadings, judgment, &c. (as distinguished from errors committed in the process of the trial), will be corrected without assignment of error. *The Code,* § 957; *Thornton* v. *Brady,* 100 N. C., 38. These will be found, however, to fall almost necessarily into one of the exceptions stated in Rule 27, *supra, i. e.,* defect of jurisdiction, defective cause of action or insufficiency of an indictment.

There are no errors assigned for our consideration in the case on appeal, and none are apparent from the face of the record. We may note, however, that the features of this

case seem to place it within the principles laid down in *Moore* v. *Parker*, 91 N. C., 275.

There was no evidence of contributory negligence sufficient to go to the jury, and the charge sent up is correct.

Affirmed.