*S. B. TALBERT et al. v. SIMON BECTON et al.

*Party—Pleading—Equitable Defence.*

1. In an action to recover land, a purchaser, after the commencement of the action, may be substituted as party.

2. An equitable defence must be set up by proper pleading to be available.

---

*MACRAE, J., did not sit.

This was a CIVIL ACTION, tried before *Boykin, J.*, at May Term, 1892, of CUMBERLAND Superior Court.

The action was commenced in the name of E. F. Moore, by summons dated June 27, 1887.

The complaint and answer were on file and case reached for trial at May Term, 1890, and after the jury were empaneled the plaintiff asked that a juror be withdrawn and mistrial had, and that Abbie Talbert, wife of S. B. Talbert, be substituted as party plaintiff with leave to file an amended complaint. The defendant objected, but the order was made, as appears in papers. Defendant excepted.

Before the trial began, at May Term, 1892, defendant entered a disclaimer as to all the 122 acres claimed by Abbie Talbert, except sixteen acres, which are claimed by defendant and are represented on the surveyor's plat as being within the lines E H I K.

It appeared on the trial that both parties claimed under one Frederick Lucas.

The plaintiff introduced as evidence of his title the following deeds, viz :

1. A deed made by Frederick Lucas and wife, dated December 10, 1880, conveying the said 122 acres to S. B. Talbert. This was a mortgage to secure two notes of $500 each, one to be due November 1, 1881, and the other was to be due on November 1, 1882.

2. A deed made by both Frederick Lucas and wife and S. B. Talbert and wife to E. F. Moore, dated November 2, 1882, conveying said 122 acres.

3. A deed made by E. F. Moore and wife to Abbie Talbert, the *feme* plaintiff, dated December 20, 1887, conveying to her the 122 acres.

Plaintiff then introduced defendant's deeds, saying that it was for the purpose of showing that defendant claimed under same Frederick Lucas.

1. A deed from Frederick Lucas and wife to N. H. Norris, dated March 10, 1881, conveying the sixteen acres indicated on plat as above stated.

2. A deed from N. H. Norris and wife to R. M. Nimocks, the defendant, dated November 7, 1881, conveying the said sixteen acres.

The above deeds were all the testimony as to title.

The defendant offered to prove that the 122-acre tract excluded the sixteen acres claimed by him, was worth much more than the mortgage debt, and that the mortgage debt could have been made at any time by a sale of the 106 acres, (122–16); and the defendant had offered to pay the mortgage debt for the land.

The plaintiff objected, and the Court declined to hear the testimony, and defendant excepted.

The Court remarked that the proposed testimony would be competent only in support of an equitable defence, and that none was set forth in the answer.

The defendant then moved for leave to amend his answer so as to allege such equitable defence. The Court stated that the answer might be so amended unless plaintiff objected. The plaintiff did object; the motion was refused and defendant excepted.

The defendant asked the Court to charge the jury that inasmuch as there was no testimony as to the debt mentioned in the mortgage of December 10, 1880, and no evidence of any sale under the powers given in the mortgage, there was a legal presumption that the mortgage debt was paid, and that the mortgage deed of December 10, 1880, should not be considered by them.

That inasmuch as there was no testimony to show that the mortgage debt was held by the *feme* plaintiff Abbie Talbert, therefore the mortgage deed could not help out her title, and that inasmuch as the deed under which defendant claimed the sixteen acres antedated all of plaintiff's deeds

111—35

except said mortgage deed of December 10, 1880, that there-fore plaintiff could not recover.

The Court declined to give such instruction, and defend-ant excepted.

The Court charged the jury that upon the title deeds given in evidence, the first and second issues should be answered in the affirmative.   Defendant excepted.

The jury responded to the issues in favor of plaintiff.

The defendant moved for a new trial for errors in the various rulings and charges above set forth as excepted to. Motion was overruled and defendant excepted.

The defendant claimed and insisted that inasmuch as Abbie Talbert was made party plaintiff only at May Term, 1890, and against defendant's consent, therefore that was the beginning of the action as to her, and that she could not claim damages .for any of the time previous thereto, and certainly not farther back than three years prior thereto· The Court held that the present plaintiff, Abbie Talbert, could recover damages for three years prior to the date of the writ and up to the present time.   Defendant excepted.

Judgment for plaintiff.   Defendant appealed.

*Mr. G. M. Rose*, for plaintiff.
*Messrs. T. H. Sutton* and *N. W. Ray*, for defendant.

PER CURIAM: Moore, the original plaintiff, conveyed to Mrs. Talbert after the action was brought.   The Court had a right to substitute her as a party plaintiff.   *The Code*, § 188. The action was based on the legal title alone, the plaintiff alleging ownership and ' the defendant simply denying it. The refusal of the Court to consider the equitable defence, in the absence of any pleading setting it up, was proper.   There must be *allegata* as well as *probata*.   Neither was there error in the refusal to allow an amendment of the pleadings.   This was a matter addressed to the discretion of the Court.   The

defendant, however, can in no event be prejudiced, as his right to assert his equities is expressly saved by the judgment.

We think there was no error in the charge as to damages.

Modified.