D. O. DAVIS v. J. K. DUVAL, Administrator of Abe Buckner.

*Petition to Rehear—Exceptions to Charge—Assignment of Error—Compensation for Services to Decedent—Evidence.*

1. While the refusal of the trial Judge to give instructions prayed for will be deemed to have been excepted to, yet if it is not assigned as error in case on appeal it will be deemed to have been waived.

2. An assignment of error, such as "for error in the charge" or "excepted to," is too general and will not be considered by this Court.

3. Where, in an action by plaintiff to recover from the administrator compensation for services rendered the intestate, the defendant relied as a defence upon the fact that in a suit brought by him and his wife and other heirs at law of the intestate to set aside, for undue influence, a deed made by the intestate to plaintiff for ser-

vices rendered, the deed was declared void, and it was in evidence that no compensation had been allowed the plaintiff by said settlement, and that there were assets in defendant administrator's hands and no debts against the estate: *Held*, that while there is no privity between the administrator and the heirs, yet as the estate goes to the heirs and next of kin, all of whom (with the defendant) were parties to the compromise decree setting aside the deed, such decree is admissible to show that the plaintiff's claim for services had not been paid or provided for.

PETITION of defendant to rehear. For former decision and the facts involved see case between same parties, 111 N. C., 422.

*Messrs. Jones & Daniels,* for petitioner.
*Mr. J. F. Ray, contra.*

PER CURIAM: We have considered with much care the petition to rehear and the brief of counsel, but we fail to perceive that we have overlooked any of the points presented upon the hearing, although we did not deem it necessary to refer to all of them in declaring the judgment of the Court.

There was no exception to the refusal of the Court to give the instructions prayed for, and while such a refusal is deemed excepted to, yet if it is not assigned as error in the case on appeal the exception is deemed to have been waived. *Taylor* v. *Plummer*, 105 N. C., 56. Neither was there a sufficient assignment of error to the charge. The words "for error in the charge" are too general and will not be considered by this Court. *McKinnon* v. *Morrison*, 104 N. C., 354. The same is true as to the words "defendant excepts," as it is impossible to tell what part of the charge was objectionable to him. Nothing, therefore, remains but the exception to the testimony as to the amount

of the assets and the condition of the estate, and the testimony in reference to the compromised decree.

The defendant and his wife, an heir at law and next of kin, and the other heirs at law and next of kin brought a suit against the plaintiff, alleging that the deed executed by the intestate to the plaintiff was procured by undue influence, and the same was set aside and a compromise decree rendered. It was in evidence that no compensation was by the said settlement allowed the plaintiff for the services rendered to the intestate, and for which it is insisted the deed was made. This defendant afterwards administered, and there is evidence that there are no debts of any consequence and that the personal assets amount to $500. This money goes to the defendant's wife and the other next of kin, all of whom were, with the defendant, parties to the compromise decree setting aside the deed. Having obtained a decree declaring the deed void, it is now contended that they can insist upon it as a payment, take all of the assets, and leave the plaintiff without any compensation whatever.

Although there is no legal privity between the administrator and the heirs, they should not, upon equitable principles, be allowed to deny the legal effect of a transaction, because they entered into it as heirs, and at the same time profit by it in their character as next of kin. According to these views the testimony was admissible, and this is all that is excepted to. No point was made as to the costs when the case was before us, and this cannot therefore be awarded upon a rehearing. We must assume, as is very probable, that his Honor did not consider the defence as made in good faith (*The Code,* §535), and that he taxed the costs accordingly.

From what we can glean from the record we think that a very equitable result was reached in the Court below.

Petition Dismissed.