G. MARSHALL et al. v. LEE STINE AND WIFE.

*Verbal Request for Instruction to Jury—Exception—Waiver.*

1. Failure to grant an instruction not asked for in writing is not ground for exception.

2. Though the failure to give an instruction asked for in writing is deemed excepted to, yet, if it is not set out in the case on appeal, it will be deemed to have been waived, and will not be passed on by this Court.

3. Where no exception of any kind appears in case on appeal, and no error appears on the record proper, the judgment below will be affirmed.

CIVIL ACTION for the recovery of land, tried before *Armfield, J.*, and a jury, at Spring Term, 1893, of CATAWBA Superior Court.

On the trial the issue submitted by consent of the parties related to the location of a boundary line upon which the case turned. There was no exception to the Judge's charge to the jury and no instruction was asked for in writing, but during the argument the plaintiff's counsel made a verbal request for an instruction, which was not given. The case on appeal does not set out any exception. There was ver-

dict for defendants, and from the refusal of a motion for a new trial the plaintiffs appealed.

*Mr. M. E. Thornton,* for plaintiffs (appellants).
*Mr. E. B. Cline,* for defendants.

CLARK, J.: The appellants asked the Court verbally for an instruction to the jury. The failure to grant a prayer for instruction not asked in writing is not ground for exception. *The Code,* §415. Besides, if the prayer had been asked in writing, though the failure to give it is deemed excepted to, the exception would have been waived, as it is not set out in the case on appeal, and we could not pass upon it. *Taylor* v. *Plumber,* 105 N. C., 56.

No exception of any kind appears in the case on appeal, and no error appears upon an inspection of the record proper. The judgment below must be

Affirmed.