## PEOPLES v. RAILROAD.

(Filed November 30, 1904).

1. NEGLIGENCE—*Questions for Jury.*

>   In an action for personal injuries, whether the defendant was guilty of negligence, and whether that negligence was the proximate cause of the injury, are questions for the jury.

2. NEGLIGENCE—*Burden of Proof.*

>   In an action for personal injuries the burden of showing contributory negligence on the part of the plaintiff is on the defendant.

3. CONTRIBUTORY NEGLIGENCE—*Negligence—Questions for Jury.*

>   Whether a plaintiff in an action for personal injuries was guilty of contributory negligence is a question for the jury.

4. NEGLIGENCE.

>   In this action for personal injuries the instruction as to negligence of the defendant is correct.

ACTION by J. M. Peoples, administrator of J. B. Peoples, against the North Carolina Railroad Company, heard by *Judge T. A. McNeill* and a jury, at June Term, 1904, of the Superior Court of MECKLENBURG County. From a judgment for the plaintiff the defendant appealed.

*Burwell & Cansler* and *T. C. Guthrie,* for the plaintiff.
*George F. Bason,* for the defendant.

CLARK, C. J.    There is an irreconcilable conflict between the version given for the plaintiff and for defendant. His Honor submitted both phases of the evidence to the jury and instructed them that if they should adopt the defendant's version of the facts they must answer the first issue "No." The

only exceptions are to the refusal to give three prayers for instruction asked by defendant, and fourthly to a paragraph in the charge, and are as follows: 1. Refusal to charge that if the jury believed the evidence to answer the first issue "No." This was properly refused. There was evidence that at the time the intestate was killed he was in the discharge of his duties as an employee of the defendant, with his mind absorbed in the attempt to mount a shifting engine coming towards him, with his back to the approaching box cars which were giving him no warning of their approach and which were not properly manned with a lookout upon the leading car. The question whether or not the defendant was negligent in these particulars and whether such negligence was the proximate cause of the injury was properly submitted to the jury. *Lassiter v. Railroad,* 133 N. C., 247; *Smith v. Railroad,* 132 N. C., 824.

2. The second exception was for refusal to charge that if the jury found that "the intestate was informed that the string of cars was to be added to his train, and that the time between the conversation at which he received this information and when the cars were actually dropped in was short, and he was walking on No. 4 track, it was his duty to keep a sharp lookout for this string of cars, and if he failed to do so the answer to the first issue should be 'No.'" This was properly refused, because the prayer assumed as a fact that intestate's failure to keep a sharp lookout was the proximate cause of the injury. Besides, this prayer was upon the first issue and seeks to throw upon the plaintiff the burden of proving not that the defendant was guilty of negligence but that the intestate was not guilty of contributory negligence. Such instruction would have been clearly erroneous, if given. *Fulp v. Railroad,* 120 N. C., 525.

3. The third exception is for refusal to charge "If the jury

believe the evidence the answer to the second issue shall be 'Yes.' " This was properly refused for reasons given in considering the first exception. The plaintiff's evidence was that the intestate was not on the track but between the tracks; that he was looking in the opposite direction towards his approaching shifting engine which he was preparing to mount; that on track No. 4, next to him and towards his rear, were some "dead cars," and that, without warning, the defendant "kicked" some cars on to track No. 4, striking the dead cars and rolling them down on him as he was making ready to get upon his engine, there being no one on the rolling cars, or dead cars, to give notice of danger.

4. The fourth exception is that the Court charged that "if the intestate was standing between the tracks, and some sixteen cars were kicked on the track some two hundred yards or more from the place where the intestate was, and rolling down an incline they collided with two detached box cars with no engine attached and on the same track that the shifting cars were on, and forcing these two cars against the plaintiff intestate in close position to the cars, if that was his position, and in consequence of that killing him, and no signal was given and no agent in charge of this train, this was negligence on the part of the defendant, and if you are so satisfied that the plaintiff was injured in consequence of this want of care you ought to answer the first issue 'Yes.' " We find no error in this instruction. *Smith v. Railroad,* 132 N. C., 819. This was doubtless the defendant's own view, upon reflection, for he does not refer to this exception in his brief. *State v. Register,* 133 N. C., 746. Indeed, his brief is chiefly based upon the statement of facts averred by the defendant, and the Court charged that if the jury found that to be the truth of the occurrence, to find the first issue "No," but the jury responded "Yes."

No Error.