ALLEY v. HOWELL.

(Filed April 17, 1906).

*Ejectment — Pleadings — Evidence — Mental Capacity— Exceptions.*

1.  Where the plaintiff in an action of ejectment, claiming as heir-at-law of E., alleged and relied upon his legal title only and there was no averment of undue influence, inadequate consideration or fraud in the treaty, the court properly excluded evidence offered to prove such, but properly admitted evidence upon the mental capacity of E. to execute the deed under which defendant claimed and evidence of fraud in the *factum* would also have been competent.

2.  It is too late, after the trial, to make exceptions to the evidence, remarks of the judge or other matters occurring during the trial except as to the charge.

ACTION by Mary E. Alley and others against T. J. Howell, heard by *Judge R. B. Peebles* and a jury, at the October

Term, 1905, of the Superior Court of IREDELL. From a judgment for the defendant, the plaintiffs appealed.

*Furches & Coble* and *Geo. B. Nicholson* for the plaintiffs.
*L. C. Caldwell* and *J. B. Connelly* for the defendant.

CLARK, C. J. This was an action of ejectment, the plaintiffs claiming as heirs-at-law of Susan Ervin, and the defendant as her grantee. In the complaint the plaintiffs alleged and relied upon their legal title only and there being no averment of undue influence, inadequate consideration or fraud in the treaty, the court properly excluded evidence offered to prove such, and also refused prayers based upon the assumption that evidence to that effect had been admitted. There must be *allegata* as well as *probata*. The judge properly admitted evidence upon the question of the mental capacity of Susan Ervin to execute the deed, as that went to the issue whether legal title had passed to the defendant, and evidence (if offered) of fraud in the *factum* would also have been competent. *Mobley v. Griffin,* 104 N. C., 112; *Jones v. Cohen,* 82 N. C., 80; *Young v. Greenlee, Id.,* 346. Fraud (not in the *factum*), undue influence or want of consideration are matters foreign to an allegation of legal title, and cannot be put in evidence unless the defendant has notice by appropriate allegations in the complaint that he may come to trial prepared to defend an attack on those grounds. This has been the settled practice and rests upon the principle of fair play, that those matters only should be contested at the trial which come within the scope of the allegations. It is true the averments here omitted were matters of equitable jurisdiction under the former system of pleading, but it is not on that ground that they are required to be pleaded, but because when the plaintiffs merely allege, as here, that they are "owners and entitled to the possession," the defendant has notice only that his legal title is assailed.

For exactly the same reason an equitable defense cannot be proven unless set up in the answer. *Talbert v. Becton,* 111 N. C., 543; *Hinton v. Pritchard,* 102 N. C., 94; see also *McLaurin v. Cronly,* 90 N. C., 50, in which the matter is so clearly stated, citing *McKee v. Lineberger,* 69 N. C., 217; *Shelton v. Davis, Id.,* 324; *Rand v. Bank,* 77 N. C., 152, and *Carpenter v. Huffsteller,* 87 N. C., 273, that further discussion by us is unnecessary. The counsel for plaintiffs are correct in asserting that the distinction between law and equity is abolished, that is that they are no longer administered in separate forums, but the proposition before us is simply the maintenance of the just and reasonable doctrine that there must be *allegation* as well as proof. The plaintiffs could readily have cured the defect by asking to amend (*Joyner v. Early,* 139 N. C., 49), and if that were refused in the discretion of the court, the plaintiffs could have taken a nonsuit and have brought a new action, with a complaint making the necessary allegations. *Wright v. Ins. Co.,* 138 N. C., 488, passed upon the question of immaterial defects in the pleadings, and also held that the court would give any relief justified by the complaint and proof whether it was the specific relief demanded or not. It in no wise controverts what is said above. *Stokes v. Taylor,* 104 N. C., 394, and *Fulps v. Mock,* 108 N. C., 601, merely hold that in an action to recover upon a contract, if proof is made upon which a recovery can be had upon a *quantum meruit,* this is not a fatal variance, citing *Jones v. Mial,* 82 N. C., 252.

In *Shelton v. Davis,* 69 N. C., 324, *Pearson, C. J.,* says that one may "sue for a horse and recover a cow" (which Blackstone thought an absurdity), "but he must obtain leave to amend by striking out 'horse,' and inserting 'cow.'" That was a case of variance, but here the defect is greater, the failure to state the true cause of action. In *Rand v. Bank,* 77 N. C., 154, *Pearson, C. J.,* again says that "It cannot be tolerated that plaintiffs should file a skeleton of a complaint

and eke out a cause of action" by proof of matters not alleged and thus convict the defendant of fraud and undue influence, without notice in the complaint of such charges.

There are several other exceptions, but upon examination we find that they do not require discussion and indeed they are not presented in the appellant's brief. *Jones v. Ballou,* 139 N. C., 527; *Peoples v. Railroad,* 137 N. C., 98; *Currie v. Railroad,* 135 N. C., 535; *State v. Register,* 133 N. C., 751. We take note, however, that some of these exceptions are to the evidence or remarks of the judge or other matter occurring during the trial and that these exceptions thereto were not taken *at the time,* as required by the statute. Rev., sec. 554 (2); *State v. Pierce,* 123 N. C., 745. It is too late to make such exceptions after the trial, which the statute permits only as to exceptions to the charge, which alone may be made by appellant for the first time in making out his case on appeal. Rev., sec. 554 (3); 591. The statutory requirements as to exceptions are *summarized, Taylor v. Plummer,* 105 N. C., 56, and *Lowe v. Elliott,* 107 N. C., 718, which have been repeatedly cited since; *Hicks v. Kenan,* 139 N. C., 338.

No Error.