STATE v. DOLL LITTLE.

(Filed 12 November, 1919.)

1. **Homicide—Murder—Self-defense—Burden of Proof—Quantum of Proof.**
   It is reversible error for the judge to instruct the jury, upon a trial for a homicide, that the defendant must prove beyond a reasonable doubt that the defendant had shot the deceased under his reasonable apprehension that it was necessary to save his own life or himself from great bodily harm, it being only required that he satisfy the jury of the truth of the facts upon which he relies in defense.

2. **Homicide—Murder—Evidence.**
   Evidence, upon the trial of a homicide, that the prisoner drew his pistol and shot the deceased four times, inflicting death, without evidence that the deceased was armed, is sufficient to sustain a verdict of murder in the first degree.

APPEAL by defendant from *Shaw, J.*, at April Term, 1919, of ANSON.

The defendant was convicted of murder in the first degree, and from the judgment upon such conviction appealed to this Court.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*McLendon & Covington, B. V. Henry, and A. M. Stack for defendant.*

BROWN, J.  The prisoner was convicted of the murder of one Will R. Honeycutt on 19 September, 1918, and the record of the trial presents sixteen exceptions; one to the refusal to admit testimony, ten to the judge's refusal to charge as requested, and five to his charge as given. We will consider only two.

The homicide occurred at a cotton gin at Morven in Anson County. The evidence tended to prove that the prisoner and the deceased had an altercation about priority in getting under the sheds and to the gin with their wagons.  There is no evidence that the deceased was armed.  All the evidence proved that the defendant drew a pistol and shot the deceased, and that the deceased was struck four times and died from the wounds.  There was much evidence introduced, which it is unnecessary to set out.

The prisoner requested the court to charge the jury that there was no evidence of murder in the first degree.  We cannot sustain this exception, but will not discuss the evidence, as it might prejudice the prisoner on another trial.

In the charge to which the defendant excepted, the court told the jury, among other things, "In passing upon the question, you can put yourselves in the position of the defendant and see whether or not he reasonably apprehended it was necessary to shoot in order to save his own life or himself from great bodily harm, and if he has satisfied you, from all the evidence, beyond a reasonable doubt, if he has satisfied you that he did not provoke the difficulty and did not enter into it willingly, and after getting into it, that he used no more force than was reasonably necessary, the court instructs you that if you find these to be the circumstances under which he killed him, that it would be justifiable homicide, and it would be your duty to return a verdict of not guilty."

This instruction was erroneous and well calculated to injure the prisoner.  The burden of proof is always upon the State to satisfy the jury beyond a reasonable doubt in order to convict of a criminal offense. But where the defendant undertakes to reduce the killing to murder in the second degree, or to manslaughter, he is only required to satisfy the jury of the truth of the facts upon which he relies.  This is elementary now in this State.  In the brief of the learned Assistant Attorney-General, he admits that the expression "beyond a reasonable doubt" is plainly error, but contends it is a mere slip of the tongue, and that it was corrected in the charge.

We fail to see that it was immediately corrected, and so explained to the jury. It is a very important rule of evidence, as there is quite a difference between satisfying the jury of the truth of a fact and of convincing it beyond a reasonable doubt.

We think the prisoner is entitled to a

New trial.