METROPOLITAN LIFE INSURANCE COMPANY v. RUTH BODDIE AND
G. C. COLLINS, ADMINISTRATOR OF CARLTON H. BODDIE.

(Filed 20 February, 1929.)

**Trial—Reception of Evidence—Objections and Exceptions.**

> Where evidence has been admitted at the trial and afterwards excluded
> on motion in the voluntary absence of appellant's counsel, an exception
> thereto made for the first time on the settlement of the case on appeal, is
> not taken in apt time and will not be considered on appeal.

APPEAL by plaintiff from *Barnhill, J.,* at October Special Term, 1928,
of NASH. No error.

Action for cancellation of policy of insurance, upon allegation that the
issuance of said policy was procured by false and fraudulent representa-
tions, which were material to the risk assumed by plaintiff.

Defendants denied said allegations, and demanded judgment that they
recover on said policy, as beneficiaries named therein.

From judgment on an adverse verdict, plaintiff appealed to the Su-
preme Court.

*Winston, Winston & Brassfield for plaintiff.*
*D. W. Perry and Austin & Davenport for defendants.*

PER CURIAM. At the trial of this action in the Superior Court, Dr.
J. A. Winstead, a physician, was offered as a witness for the plaintiff.
He testified that on several occasions prior to the issuance of the policy
of insurance, which is the subject-matter of this action, he had rendered
medical services to the insured. This testimony was offered as evidence
in support of the allegations in the complaint that the insured had made
false and fraudulent representations with respect to his health, which
were material to the issuance of the policy.

Defendants' objection to the plaintiff's question addressed to this
witness, relative to the diseases for which he had treated the insured, was
sustained, for that under the statute, C. S., 1798, information acquired
by the witness, while attending the insured in a professional capacity,
was privileged. The presiding judge, in the exercise of his discretion,
refused to compel the witness to disclose this information. He declined
to find that such disclosure was necessary to a proper administration of
justice. *Ins. Co. v. Boddie,* 194 N. C., 199, 139 S. E., 238.

Subsequently, during the voluntary absence of plaintiff's counsel from
the trial, defendants moved the court to strike out the testimony of
Dr. Winstead, to the effect that he had rendered medical services to the
insured prior to the issuance of the policy. This motion was allowed.

If counsel for plaintiff had been present, they would have excepted to the allowance of the motion. Whether or not, upon objection to the motion, defendants' counsel would have insisted upon it, does not appear.

While the case on appeal for this Court was being settled by the judge, in accordance with the provisions of C. S., 644, plaintiff's counsel, for the first time, requested that an exception be noted to the allowance of defendants' motion to strike out the testimony of Dr. Winstead. This request was denied by the judge, for the reason that the exception was not taken in apt time, and that the judge was without power to grant the request, made after the verdict had been returned, and the judgment signed.

The assignment of error based upon this exception cannot be considered by this Court. The exception was not taken in apt time. C. S., 590. *Alley v. Howell,* 141 N. C., 113, 53 S. E., 821. This is the only assignment of error relied upon by plaintiff on its appeal to this Court. As it cannot be considered, the judgment is affirmed. There is

No error.