JOHN TOLER AND WIFE, SUSAN J. TOLER, v. L. J. FRENCH.

(Filed 13 April, 1938.)

1. **Ejectment § 12—Allegations of defective title constitute a defense and not a cross action or counterclaim.**

Allegations in the answer that plaintiff's deed was executed pursuant to a conspiracy and fraud between plaintiff and his grantor to deprive defendant of his rights under a contract to convey previously executed by the grantor, constitutes a further defense as a denial of title, notwithstanding its designation in the answer as a "Cross Action."

2. **Pleadings § 17—**

Objection to an answer on the ground of the insufficiency of a further defense therein alleged may be taken by former demurrer or by demurrer *ore tenus.*

3. **Pleadings § 20—**

The office of a demurrer is to test the sufficiency of a pleadings, admitting, for the purpose, the truth of the allegations of fact and relevant inferences of fact.

**4. Same—**

Upon demurrer, a pleading will be liberally construed, and the demurrer should be overruled unless the pleading is fatally defective.   C. S., 535.

**5. Ejectment § 10—**

The defense to an action in ejectment that plaintiff's deed is void for fraud is an equitable defense that must be pleaded, since mere denial of plaintiff's title is insufficient to put him upon notice that his title will be attacked on this ground.

**6. Ejectment § 12—Answer held sufficient to raise equitable defense, and granting of plaintiff's demurrer thereto was error.**

In an action in ejectment, allegations in the answer that plaintiff's deed was executed as a result of a conspiracy between plaintiff and his grantor to prevent defendant from obtaining title under a contract to convey previously executed by the grantor, and thus to defraud defendant out of his rights under his contract, constitute an equitable defense to the action, and plaintiff's demurrer to the defense is erroneously sustained. Whether the allegations of the defense should be made more definite and whether the grantor should be made a party, are matters addressed to the sound discretion of the trial court.

APPEAL by defendant from *Harris, J.,* at November Term, 1937, of CRAVEN.

Civil action in ejectment and for damages.

Plaintiffs allege that they are owners in fee simple and entitled to the possession of certain specifically described lands of which the defendant is in the unlawful possession, by reason of which they have been damaged in the sum of $300. Defendant denies each of the allegations of the complaint, and "For cross action and for further defense" avers:

"5. That L. L. McClees is the true owner of the property and house in which the defendant L. J. French now lives, and that the said L. L. McClees has heretofore entered into a good, valid, and binding contract to sell the said property to this defendant.

"6. That by numerous correspondence and by written agreement the said L. L. McClees bargained and agreed to sell the said premises to this defendant for the sum of $700, and that this defendant was ready and willing at all times and still is ready and willing to carry out his part of the said contract and agreement, and that this defendant has at all times had the funds available and necessary to carry out the said agreement.

"7. That this defendant is advised, informed, and believes that for some time prior to the entering into a contract of sale between L. L. McClees and this defendant that John Toler, the plaintiff herein, conspired, colluded and connived with the said L. L. McClees to defraud the said L. J. French, the defendant herein, out of his rights under the said contract above referred to.

"8. That as a result of the said conspiracy and connivance above referred to the said L. J. French has executed what purports to be a good and sufficient warranty deed to the said John Toler for the purpose, as this defendant is advised, informed and believes, of removing this property from the reach of this defendant and of depriving him of the possession of a good and valid contract.

"9. That this defendant is advised, informed, believes, and so alleges, that the said John Toler has no real interest in this property above named, but merely permitted himself to be used as a tool in this purported purchase, and that in truth and in fact the said John Toler has paid no good and valid consideration for the property referred to in the complaint, and that the said John Toler is in truth and in fact not the owner of the said property but is the agent of the said L. L. McClees, acting for him in his behalf for the purposes of defrauding the defendant herein and depriving him of such rights as he had under the good and valid contract of the sale heretofore referred to."

Plaintiffs demur to the cross action for that it does not state facts sufficient to constitute a cause of action against plaintiffs.

From judgment sustaining the demurrer defendant appealed to the Supreme Court and assigns error.

*M. S. Dunn, D. H. Willis, and R. E. Whitehurst for plaintiff, appellee.*
*Abernethy & Abernethy for defendant, appellant.*

WINBORNE, J. The question: Did the court err in sustaining the demurrer? We so hold.

While in the present case defendant designated his further pleading as a "Cross Action," it is nothing more than a further defense. "The allegation of the defective title is a matter of defense and not of counterclaim." *Bank v. Loughran*, 122 N. C., 668, 30 S. E., 17; C. S., 543; *Hughes v. McNider*, 90 N. C., 248; *Fitzgerald v. Shelton*, 95 N. C., 519.

"As to matter set up as defense the usual ground of demurrer is its insufficiency, and this may be taken by a formal demurrer or demurrer *ore tenus*." McIntosh, 507, sec. 475.

"The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of the facts contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted. . . ." *Stacy, C. J.*, in *Ballinger v. Thomas*, 195 N. C., 517, 142 S. E., 761; *Andrews v. Oil Co.*, 204 N. C., 268, 168 S. E., 228.

Both the statute and decisions of this Court require that the answer be liberally construed, and every reasonable intendment and presumption must be in favor of the pleader. It must be fatally defective before it

will be rejected as insufficient. C. S., 535; *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874; *Brewer v. Wynne,* 154 N. C., 467, 70 S. E., 947; *Public Service Co. v. Power Co.,* 179 N. C., 18, 101 S. E., 593; *Anthony v. Knight,* 211 N. C., 637, 191 S. E., 323.

The matters set up are in the nature of an equitable defense and must be pleaded. *McLaurin v. Cronly,* 90 N. C., 50; *Hinton v. Pritchard,* 102 N. C., 94, 8 S. E., 887; *Averitt v. Elliott,* 109 N. C., 560, 138 S. E., 785; *Talbert v. Becton,* 111 N. C., 543, 16 S. E., 322; *Alley v. Howell,* 141 N. C., 113, 53 S. E., 821

In the case of *Mobley v. Griffin,* 104 N. C., 112, 10 S. E., 142, *Avery, J.,* said: "Both under the Code pleadings and the more formal rules applicable in the trial of ejectment it is competent, under a general denial or general issue, to show that any deed offered by a party as evidence of title is void," for among other causes, "fraud in the *factum.*" *Lineberger v. Tidwell,* 104 N. C., 506, 10 S. E., 758; *Helms v. Green,* 105 N. C., 251, 11 S. E., 470; *Gilchrist v. Middleton,* 107 N. C., 663, 12 S. E., 85; *Herndon v. Ins. Co.,* 110 N. C., 279, 14 S. E., 742; *Alley v. Howell,* 141 N. C., 113, 53 S. E., 821; *Higgins v. Higgins,* 212 N. C., 219, 193 S. E., 159.

But in the case *Alley v. Howell, supra, Clark, C. J.,* pertinently said: "Fraud (not in the *factum*), undue influence, or want of consideration are matters foreign to an allegation of legal title, and cannot be put in evidence unless the defendant has notice by appropriate allegations in the complaint that he may come to trial prepared to defend an attack on those grounds. This has been the settled practice and rests upon the principle of fair play, that those matters should be contested at the trial which come within the scope of the allegations. It is true, the averments here omitted were matters of equitable jurisdiction under the former system of pleading, but it is not on that ground that they are required to be pleaded, but because when the plaintiff merely alleges, as here, that they are 'owners and entitled to the possession' the defendant has notice only that his legal title is assailed. For exactly the same reason an equitable defense cannot be proven unless set up in the answer." See also *Averitt v. Elliott, supra.*

Applying these principles, and under liberal interpretation, the allegations of the further defense sufficiently allege an equitable defense to admit of proof. If, however, plaintiff wishes the allegations therein to be made more specific, or if it be found expedient to make L. L. McClees a party, these, or either, may be addressed to the consideration of the court below.

The judgment below is

Reversed.