## STATE v. JOHN JERNIGAN.

(Filed 14 December, 1949.)

**1. Homicide § 25—**

Defendant's confession introduced by the State tended to show that as a result of an altercation, deceased had made a pass at defendant, grabbed his watch and chain, and had reached back to get a bottle to throw at defendant, when defendant shot him. *Held:* Upon defendant's own statement it was a question for the jury as to whether defendant used excessive force or was justified in taking the life of the deceased, and the refusal of defendant's motion to nonsuit was not error.

**2. Homicide § 11—**

Self-defense is an affirmative plea, with the burden of satisfaction cast upon the defendant.

APPEAL by defendant from *Edmundson, Special Judge,* June Term, 1949, of COLUMBUS.

Criminal prosecution on indictment charging the defendant with the murder of one Rondal Dupree.

Rondal Dupree was shot at the defendant's place of business at Lake Waccamaw, Columbus County, on the morning of 30 October, 1948, with a 38-caliber pistol, and he died as a result thereof that afternoon. The defendant told the officers that the deceased came into his place of business, purchased two or three small items, including chewing gum and cigarettes, and gave him a dollar bill; that he gave him his proper change, but the deceased contended that he had been short-changed; whereupon he made a pass at the defendant, grabbed his watch and chain, and reached back to get a bottle. As he raised the bottle to throw it, the defendant shot him.

The defendant offered no evidence, but contended that his confession to the officers, which the State offered on the hearing, made out a clear case of self-defense, whereupon he demurred and rested.

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's Prison for a term of not less than five nor more than seven years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Junius K. Powell, Catherine P. Lee, and Junius B. Lee, Jr., for, defendant.*

STACY, C. J.   There was no error in submitting the case to the jury. Even on the defendant's own statement, *S. v. Edwards,* 211 N.C. 555, 191 S.E. 1, it was a question for the twelve whether he used excessive force or was justified in taking the life of the deceased.  *S. v. DeGraffenreid,* 223 N.C. 461, 27 S.E. 2d 130; *S. v. Baker,* 222 N.C. 428, 23 S.E. 2d 340; *S. v. Marshall,* 208 N.C. 127, 179 S.E. 427.  Moreover, giving the defendant full benefit of all he says, his statement hardly brings him within the principle of self-defense, certainly not as a matter of law dispensing with any determination of the facts by the jury.  *S. v. Terrell,* 212 N.C. 145, 193 S.E. 161; *S. v. Koutro,* 210 N.C. 144, 185 S.E. 682; *S. v. Marshall, supra; S. v. Glenn,* 198 N.C. 79, 150 S.E. 663; *S. v. Robinson,* 188 N.C. 784, 125 S.E. 617.

The defendant relies on the cases of *S. v. Ray,* 229 N.C. 40, 47 S.E. 2d 494; *S. v. Coffey,* 228 N.C. 119, 44 S.E. 2d 886; *S. v. Watts,* 224 N.C. 771, 32 S.E. 2d 348; *S. v. Fulcher,* 184 N.C. 663, 113 S.E. 769, but in none of these cases was there a question of self-defense, or circumstances calling for explanation or exculpation on the part of the defendant. They are clearly distinguishable.  Self-defense is an affirmative plea, with the burden of satisfaction cast upon the defendant.  *S. v. DeGraffenreid, supra; S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232; *S. v. Baker, supra; S. v. Benson,* 183 N.C. 795, 111 S.E. 867.

The exceptions to the charge on reasonable doubt are feckless in the light of the verdict, the defendant's confession, and the record.  *S. v. Wood,* 230 N.C. 740, 55 S.E. 2d 491; *S. v. Bryant, ante,* 106.

No disturbance of the result of the trial is required by any of the assignments brought forward on the record.

No error.