STATE v. WILLIAM McDONALD.

(Filed 14 January, 1959.)

**1. Homicide § 13—**

The burden is upon defendant to prove to the satisfaction of the jury that he acted in his self-defense and that in the exercise of his right to self-defense he used no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm.

**2. Homicide § 20—**

Testimony of State's witnesses as to declarations made by defendant tending to establish that defendant killed his wife in self-defense, does not justify nonsuit when the other evidence in the case tends to show the facts to be other than as set forth in defendant's declarations.

APPEAL by defendant from *Williams, J.,* May Criminal Term, 1958, of ROBESON.

Indicted at April Criminal Term, 1958, for the first degree murder on April 7, 1958, of Eloise McDonald, his wife, defendant was put on trial at May Criminal Term, 1958, for second degree murder.

The only evidence was that offered by the State.

Upon the verdict, "Guilty of Manslaughter," judgment, imposing a prison sentence of twenty years, was pronounced.

On appeal, defendant's only assignment of error, based on appropriate exception, is directed to the overruling of his motion for judgment of nonsuit.

STATE *v.* McDONALD.

*Attorney General Seawell and Assistant Attorney General Moody, for the State.*

*Britt, Campbell & Britt for defendant, appellant.*

PER CURIAM. There was plenary evidence to support a finding that defendant intentionally shot his wife and that the shotgun wound so inflicted caused her immediate death, giving rise to the presumptions that the killing was unlawful and with malice.

The deceased woman weighed "around 115 to 120 pounds." Defendant appeared to weigh "180 or 185 pounds or more." The killing occurred in the bedroom of their (rented) portion of a divided dwelling.

Two investigating officers testified that defendant, in explanation of the killing, stated that the deceased "was chasing him and pulled a razor on him" and, despite his warning, "kept coming on him with the razor." Defendant's sole contention, namely, that this portion of the testimony of these officers established completely that he shot his wife in self-defense, is untenable.

The said officers also testified as to declarations by defendant to the effect that when he entered the bedroom (1) he found his wife lying on her bed, and (2) what ·he saw, before and after entering the bedroom, caused him to believe that his wife and the landlord had engaged in sexual intercourse. (The landlord, testifying as a State's witness, contradicted all material portions of defendant's declarations relating to him.)

Another witness, a neighbor, to whom defendant *first* reported the killing, testified that the only explanation defendant *then gave* was that "he caught his wife wrong." His testimony, together with testimony as to physical conditions in the bedroom, the location of the wounds on the body of deceased, and the absence of injury to defendant, tended to show that the facts were other than as set forth in the portions of defendant's declarations to said officers bearing upon self-defense.

The evidence, considered in its entirety, was sufficient to support a finding that defendant, when he shot his wife, was not acting in self-defense. Moreover, it was incumbent upon defendant to satisfy the jury (1) that he did act in self-defense, and (2) that, in the exercise of his right to self-defense, he used no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm.

The State's evidence was sufficient for submission to the jury. Hence, the court's ruling, now challenged by defendant, is approved.

No Error.