## STATE OF NORTH CAROLINA v. ROBERT EARL HOLLOWAY.

(Filed 11 November, 1964.)

**1. Larceny §§ 5, 8—**

　　An instruction to the effect that the recent possession of stolen property placed the burden upon defendant to offer evidence in explanation sufficient to raise a reasonable doubt of defendant's guilt of breaking and entering or larceny is prejudicial, notwithstanding that the charge in another portion correctly instructed the jury that the burden remained upon the State throughout the trial to prove defendant guilty beyond a reasonable doubt.

**2. Criminal Law § 161—**

　　Conflicting instructions upon the burden of proof must be held prejudicial.

APPEAL by defendant from *Bickett, J.,* December 9, 1963 Criminal Term of WAKE.

Defendant was prosecuted upon a three-count bill of indictment charging him with (1) breaking and entering a building occupied by Telerent, Inc., wherein merchandise was stored, with the intent to steal such merchandise; (2) larceny of thirty-six General Electric televisions at a value of $2,700; and (3) receiving the aforesaid thirty-six televisions knowing them to have been feloniously stolen. The offenses allegedly occurred on May 21, 1963.

The State offered evidence tending to show that after May 23, 1963, defendant had in his possession some of the stolen televisions. The jury returned a verdict of guilty as charged on the first two counts, and the

judge imposed concurrent prison sentences of not less than seven nor more than ten years. On March 24, 1964, we allowed defendant's petition for *certiorari* and heard the case at this term.

*Attorney General Bruton and Assistant Attorney General Richard T. Sanders for the State.*

*Charles H. Sedberry for defendant.*

PER CURIAM. To convict defendant, the State relied upon the rule of evidence that recent possession of stolen property tends to show the possessor guilty of the theft. *State v. Holbrook,* 223 N.C. 622, 27 S.E. 2d 725. Defendant challenges the following italicized portions of his Honor's charge:

> "The presumption that the possessor is the thief which arises from the possession of stolen goods is a presumption of fact and not of law and is strong or weak as the time elapsing between the stealing of the goods, and the finding them in the possession of the defendant, is short or long and this presumption is to be considered by you merely as an evidential fact, along with the other evidence in the case in determining whether the State has carried the burden of satisfying the jury beyond a reasonable doubt of the defendants' guilt (E) *and the duty to offer such explanation of possession as is sufficient to raise in the minds of the jury a reasonable doubt that they stole the property or broke into the building* (F) and the burden is not placed upon the defendants however recent the possession by them may be or may have been if you find such to be the case from the evidence and beyond a reasonable doubt, the possession, and the burden is still upon the State and remains upon the State to satisfy you from the evidence and beyond a reasonable doubt, as the Court has heretofore defined the term 'reasonable doubt' to you, the State relying upon what is known as the doctrine of recent possession as I have tried to explain that term to you . . . (M) *I have already instructed you that it is his (defendant's) duty to offer such explanation of his possession as is sufficient to raise in the minds of the jury a reasonable doubt that he neither stole the property or broke or entered the building* (N) but the burden of establishing a reasonable doubt as to his guilt is not placed on the defendants or either of them however recent the possession may have been but the burden is still upon the State to satisfy you from the evidence and beyond a reasonable doubt of his guilt or either of them."

Those portions of the charge to which defendant excepts are clearly erroneous. *State v. Ramsey,* 241 N.C. 181, 84 S.E. 2d 807. After telling the jurors that the burden was on the State to satisfy them beyond a reasonable doubt that defendant was guilty, the judge charged that it was defendant's duty to raise in the minds of the jury a reasonable doubt that he had neither entered the building nor stolen the televisions. The jury is not supposed to know which of two conflicting instructions is correct. *State v. Starnes,* 220 N.C. 384, 17 S.E. 2d 346; *State v. Faulkner,* 182 N.C. 793, 108 S.E. 756.

For this prejudicial error there must be a

New trial.