STATE OF NORTH CAROLINA v. RUBY HUGHES HEFNER
No. 6819SC452

(Filed 31 December 1968)

**1. Homicide § 21— sufficiency of evidence — extra-judicial admission**

In this prosecution for second degree murder or manslaughter, defendant's motion for nonsuit was properly denied where the State's evidence tended to show that defendant, after being fully warned of her constitutional rights concerning self-incrimination, admitted to the investigating officer that she intentionally shot deceased.

**2. Homicide § 23— instructions — status of deceased in home where shot**

In this prosecution for a homicide which occurred in the home in which defendant was staying, the court did not express an opinion on the evidence in violation of G.S. 1-180 in instructing the jury as to their duty to determine the status of deceased in the home at the time of his death.

**3. Homicide § 28— instructions — self-defense**

In this homicide prosecution in which defendant relied on self-defense, the charge, when viewed as a whole, correctly stated and applied the law to the facts in the case and left it to the jury to determine whether defendant used excessive force or was justified in taking the life of deceased.

APPEAL by defendant from *Mintz, J.,* June 1968 Session of Superior Court of RANDOLPH County.

Defendant was tried upon a bill of indictment charging her with the crime of first-degree murder. Upon the call of the case for trial, the solicitor announced that the State would not seek a verdict of

murder in the first degree but would ask for a conviction of murder in the second degree, or manslaughter, as the law and the evidence might warrant.

Upon defendant's plea of not guilty, trial was by jury, and the verdict was guilty of manslaughter. From the judgment of imprisonment for not less than four years nor more than six years, the defendant appeals, assigning error.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*

*Coltrane & Gavin by T. Worth Coltrane for defendant appellant.*

MALLARD, C.J.

Following is a brief summary of the substance of the evidence of the State, except where quoted. The deceased, Robert L. Sizemore, was a normally developed male person about 27 years old. The defendant shot him with a .22-calibre pistol. The shot entered the body of the deceased underneath his right armpit. There was no exit hole for the bullet on the body of the deceased. Deceased was dead when the officers arrived on the night of 31 December 1967 shortly after the shooting. Defendant was divorced, and the deceased was separated from his wife. The defendant and deceased were engaged, and on the night of 31 December 1967 the defendant and the deceased got into an argument because the defendant was not wearing her ring. The deceased and defendant then got some of the deceased's clothes out of the defendant's home because the deceased said they were through. Deceased accused defendant of not being a wife to him, slapped her, and shoved her into some toys there in her bedroom in her father's house, where defendant lived. Defendant's five-year-old daughter and another child came in, and the deceased, who always carried a pistol with him (and one was found on his body after his death), told defendant that she had better get the children to bed or she might not see them alive again. The defendant took the children into the bedroom, and the deceased went to use the telephone. The defendant, who had been fully warned of her constitutional rights concerning self-incrimination, related to the investigating officer what then occurred in the following words:

"I went to my father's room and proceeded to look for his gun. As I was very nervous, I overlooked it the first time in the first drawer, and when I went to the second drawer, I couldn't find it. I went back to the first drawer and put — found it and put it in my pocket. I walked out of the bedroom and he was trying

to call information and get the number. He got the police department, and that is when I took the gun out. I told him to get out and he just looked, so I told him again. He put the telephone down, and that is when I shot him. Question: Where was Mr. Sizemore standing when you shot him? He was in the middle of the end of the counter, in between the telephone (sic). He was standing right there at the middle and walking back around the end of the bar towards me. Question: How far were you from Mr. Sizemore when you fired the pistol? I was standing seven or eight feet from Mr. Sizemore then, and when he started backing towards me that is when I shot him. He turned around and looked at me, or I think he looked at me, and that is when he fell."

The defendant offered no evidence other than that elicited from the State's witnesses on cross-examination.

[1]   Defendant's motion for judgment of nonsuit made at the close of the evidence is without merit and was properly denied.

[2]   Defendant also assigns as error a portion of the court's charge in which the jury was instructed that it was their duty to determine what the status of the deceased was there in that home at the time of his death. We do not think that the judge expressed an opinion in violation of G.S. 1-180 when he instructed the jury:

"There was — I would characterize it as limited evidence — about the status of these two principals, that is the deceased and the defendant with respect to their association with this home. The evidence did indicate that the defendant was living with her parents. There was some evidence that indicated — but it's for you to say — what the status of the deceased was in that home, or his presence in that home was. It was not clear to the court whether he was a boarder, or whether he was a guest, or whether he was living there under some circumstances not clear to the court not fully revealed by the evidence."

[3]   The judge instructed the jury on self-defense to which there was no objection. We are of the opinion that the charge of the court, when viewed as a whole, correctly stated and applied the law to the facts in this case and left it to the jury to determine what the facts were. It was simply a question for the jury as to whether the defendant used excessive force or was justified in taking the life of the deceased. *State v. Marshall,* 208 N.C. 127, 179 S.E. 427; *State v. Jernigan,* 231 N.C. 338, 56 S.E. 2d 599.

Defendant's other assignments of error are formal ones, are without merit, and require no discussion.

No error.

CAMPBELL and MORRIS, JJ., concur.