STATE OF NORTH CAROLINA v. LONNIE BOYD, JR.

No. 92

(Filed 12 May 1971)

**1. Criminal Law § 166— the brief — abandonment of assignments**

Assignments of error not discussed in defendant's brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Criminal Law § 163— assignment of error to the charge — form and prerequisite**

An assignment of error to the charge on the ground that the court gave an erroneous instruction on a particular aspect should not only quote the portion of the charge objected to but should also point out the alleged error.

**3. Homicide § 14— presumptions arising from intentional shooting with gun**

If and when the State satisfies the jury from the evidence beyond a reasonable doubt that defendant intentionally shot the deceased with a shotgun and thereby proximately caused his death, two presumptions arise: (1) the killing was unlawful, and (2) the killing was done with malice; and nothing else appearing, defendant would be guilty of murder in the second degree.

**4. Homicide § 14— burden of proving defenses and mitigation**

When the presumptions from the intentional use of a deadly weapon obtain, the burden is on the defendant to show to the satisfaction of the jury the legal provocation that will rob the crime of malice and thus reduce it to manslaughter or that will excuse it altogether upon the ground of self-defense.

**5. Homicide § 14— burden of proving self-defense**

The burden is on defendant to prove his plea of self-defense to the satisfaction of the jury and to prove that he used no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm.

**6. Criminal Law § 161— assignments of error —exceptions**

Assignments of error must be based upon exceptions in the record.

State v. Boyd

**7. Criminal Law § 119— request for instructions**
     If the defendant desires greater elaboration in the charge on a
particular point or on a particular aspect of the case, it is his duty
to make a special request therefor prior to verdict.

APPEAL by defendant from *Rouse, J.,* August 31, 1970 Civil
and Criminal Session of CURRITUCK Superior Court.

Defendant was indicted for the first degree murder of
James Walker. When the case was called for trial, the solicitor
announced the State would not insist upon a verdict of murder
in the first degree but would ask for a verdict of murder in
the second degree or manslaughter, as the evidence might dis-
close. Defendant entered a plea of not guilty. The jury returned
a verdict of guilty of second degree murder.

The State's evidence consisted of the testimony of three
witnesses: Leonard Reeves, George Mercer, Jr., and Elmo
Rountree. Their evidence tends to show that around 9:30 p.m.
on 23 May 1970 defendant went to Mercer's dance hall near the
village of Moyock. About 1 a.m. James Walker, in the company
of Reeves, Rountree, and others, drove to the dance hall and
parked Walker's automobile about a car length behind and
about a car length to the right of defendant's car. Walker en-
tered the dance hall, remained 5 or 10 minutes, returned to
his car, and got in under the steering wheel. Reeves, who had
stayed in Walker's car with his girl friend, testified that
Walker said nothing when he got into the car. About 15 min-
utes later Rountree returned to the car from the dance hall
and stood on the right-hand side of the automobile. Reeves testi-
fied that he then heard some shouts, after which a shotgun
was fired. Reeves saw the defendant holding the shotgun and
testified that defendant laid the barrel across the hood of
defendant's car and aimed it into Walker's car. Defendant then
fired the shotgun twice into the driver's side of Walker's car,
mortally wounding Walker and hitting Reeves and his girl
friend. Reeves then got out of Walker's car, grabbed defendant,
wrestled with him, and took the shotgun away from him. He
examined it and found that it had been fired twice.

Mercer testified that neither defendant nor Walker ap-
peared to be drunk the night of May 23 and that to his knowl-
edge there was no disturbance between the deceased and the
defendant. Mercer further testified that after shots were fired

from a shotgun he heard other shots which he thought came from a pistol or rifle. After the shots were fired, he went to the door of his establishment and saw defendant going back toward his car with a shotgun.

Rountree corroborated Reeves' story.

It was stipulated that James Walker died on 24 May 1970 as the result of shotgun wounds to his heart, lungs, liver, and intestines.

Defendant's evidence directly contradicted that of the State. Defendant testified that he was talking with a group of friends about 11 p.m. when Walker walked up to him, struck him twice in the face, pulled a pistol, pointed it at his head and pulled the trigger. The gun jammed and defendant ran for his car. Walker began to advance on defendant, firing as he came. Defendant reached into his automobile, got a shotgun, loaded it and fired it twice—once over Walker's head and the second time at Walker as he continued to advance on defendant. Defendant testified that all of this transpired without any provocation by him; that he had never had any trouble with Walker; that they had had a word over a woman about a year before, but no argument; that he did not say anything to Walker the night of May 23; and that he knew no reason why Walker should strike him twice. Several witnesses corroborated defendant's story, in part or in whole.

On cross-examination defendant admitted that he had been convicted of numerous traffic violations, assault on his wife, and nonsupport of his wife in 1966, 1967, and 1968, and for carrying a concealed weapon. Further, that sometime ago he was tried and acquitted for shooting and killing someone.

It was stipulated that the doctor performing the autopsy on Walker's body found that his blood contained 350 milligrams of alcohol and, in the doctor's opinion, the deceased was heavily intoxicated. It was further stipulated that Patrolman R. P. Cooke of the State Highway Patrol, found a .45 automatic pistol in the deceased's automobile, which he gave to Sheriff Sanderlin.

Currituck County Sheriff L. L. Sanderlin testified on cross-examination that when he investigated the homicide he found the vent glass on the driver's side of the deceased's automobile blown out, the door post between the vent and the windshield

damaged, and the windshield shattered in the lower left corner. He further testified that the pistol given him by Patrolman Cooke was not loaded, and that he smelled the barrel but did not smell any powder.

From the conviction of second degree murder and sentence imposed, defendant appealed to the Court of Appeals. The case comes to this Court under the general transferral order of July 31, 1970.

*Attorney General Robert Morgan and Deputy Attorney General Ralph Moody for the State.*

*Frank B. Aycock, Jr., for defendant appellant.*

MOORE, Justice.

[1]  Assignments of error Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 are not discussed in defendant's brief and are, therefore, deemed abandoned under Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783, 810; *State v. Baldwin,* 276 N.C. 690, 174 S.E. 2d 526.

[2]  Assignments of error Nos. 7, 20, 21, 22 and 23 relate to alleged errors in the charge. In each assignment the defendant merely says: "The trial judge committed prejudicial error in charging the jury as follows:", and then quotes a portion of the charge. The assignments do not set out the defendant's contention as to what the court should have charged or the particular matters which defendant asserts were erroneous or omitted. An assignment of error to the charge on the ground that the court gave an erroneous instruction on a particular aspect should not only quote the portion of the charge to which the defendant objects but should also point out the alleged error. *State v. Benton,* 276 N.C. 641, 174 S.E. 2d 793; *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416; *State v. Porth,* 269 N.C. 329, 153 S.E. 2d 10; *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736; *Pratt v. Bishop,* 257 N.C. 486, 126 S.E. 2d 597; 1 Strong, N. C. Index 2d, Appeal and Error § 31, p. 167 [hereinafter cited as Strong]; 3 Strong, Criminal Law § 163, p. 118. Nevertheless, we have carefully examined defendant's contentions as to the alleged errors in the charge, which alleged errors are pointed out for the first time in his brief.

[3, 4]  Defendant first contends that the trial court erred by placing the burden of proof upon the defendant to satisfy the jury of the legal provocation that would rob the crime of malice and thus reduce it to manslaughter or that would excuse it altogether upon the ground of self-defense. This contention is without merit. The trial court correctly charged in effect that if and when the State satisfied the jury from the evidence beyond a reasonable doubt that defendant intentionally shot Walker with a shotgun and thereby proximately caused Walker's death, two presumptions arose: (1) that the killing was unlawful, and (2) that it was done with malice; and nothing else appearing, defendant would be guilty of murder in the second degree. *State v. Reams,* 277 N.C. 391, 178 S.E. 2d 65; *State v. Barrow,* 276 N.C. 381, 172 S.E. 2d 512; *State v. Propst,* 274 N.C. 62, 161 S.E. 2d 560; *State v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322. The court further charged that when the presumptions from the intentional use of a deadly weapon obtain, the burden is upon the defendant to show to the satisfaction of the jury the legal provocation that will rob the crime of malice and thus reduce it to manslaughter or that will excuse it altogether upon the ground of self-defense. This is in accord with well-recognized principles as set out in *State v. Barrow, supra; State v. Cooper,* 273 N.C. 51, 159 S.E. 2d 305; *State v. McGirt,* 263 N.C. 527, 139 S.E. 2d 640; and *State v. Benson,* 183 N.C. 795, 111 S.E. 869. See also Stansbury, N. C. Evidence §§ 214, 234 (2d Ed., 1963).

[5]  Defendant next contends the court erred in placing on defendant the burden of showing that he did not use excessive force. The trial court, after a lengthy explanation of defendant's right to defend himself, charged:

"So I charge you further that if you find from the evidence, beyond a reasonable doubt, that on or about May 24, 1970, the defendant, Lonnie Boyd, Jr., intentionally shot James Edward Walker, with a shotgun, and that James Edward Walker's death was a natural and probable result of the defendant's act, but Lonnie Boyd, Jr., has satisfied you that he was not the aggressor, that he killed James Edward Walker under circumstances which were such as to create in the mind of a person of ordinary firmness a reasonable belief that his shooting of James Edward Walker was necessary in order to save himself from death

State v. Boyd

or great bodily harm, and the circumstances did create such a belief in defendant's mind, and that he did not use excessive force, it would be your duty to return a [verdict of] not guilty." *(Note: The use of the phrase "natural and probable result" in the foregoing excerpt does not affect decision here, but we point out that it was expressly disapproved in State v. Woods, 278 N.C. 210, 179 S.E. 2d 358.)*

The burden is on defendant to prove his plea of self-defense to the satisfaction of the jury and to prove that he used no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm. As is stated in *State v. McDonald,* 249 N.C. 419, 106 S.E. 2d 477, " . . . [I]t was incumbent upon defendant to satisfy the jury (1) that he did act in self-defense, and (2) that, in the exercise of his right to self-defense, he used no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm." Accord, *State v. Cooper, supra;* 4 Strong, Homicide § 9, and §14 at p. 211. See also, Stansbury, N. C. Evidence § 214 (2d Ed., 1963). There is no merit to this contention.

**[6, 7]** Assignments of error Nos. 24, 25, and 26 are not based upon any exceptions in the record and should not therefore be considered by this Court. Rules 19(3) and 21, Rules of Practice in the Supreme Court, 254 N.C. 783; *State v. Fox,* 277 N.C. 1, 175 S.E. 2d 561; *State v. Benton, supra; State v. Ferebee,* 266 N.C. 606, 146 S.E. 2d 666; *Beanblossom v. Thomas,* 266 N.C. 181, 146 S.E. 2d 36; 1 Strong, Appeal and Error § 24, p. 146; 3 Strong, Criminal Law § 161. They relate to instructions which defendant now contends should have been given by the court. At no time did defendant request that these instructions be given. At the close of the charge the trial judge asked if there were any further instructions or any corrections or additions to the charge. Defendant's attorney then requested the court to charge the jury "that the defendant testified that the deceased was advancing towards him with a pointed gun, drawn gun, just before he shot him." Pursuant to this request, the court then said: "The court, in addition to the evidence recital, which it has made with respect to the evidence of the defendant, also calls to the jury's attention the evidence offered by the defendant which tends to show that at the time the shot was

fired by him, from the shotgun, that the deceased was advancing on him with a pistol pointing in his direction." The court then asked if there was anything further. There were no other requests from either the counsel for the defendant or the solicitor. It was the duty of the defendant if he desired greater elaboration on a particular point or a particular aspect of the case to make a special request therefor prior to verdict. Prayers for special instructions should be made before the argument, in writing and signed, or they may be disregarded. *State v. Hicks,* 229 N.C. 345, 49 S.E. 2d 639; *State v. Morgan,* 225 N.C. 549, 35 S.E. 2d 621; 3 Strong, Criminal Law § 119; 7 Strong, Trial § 38, p. 347, nn. 36-39.

The evidence in this case was in sharp conflict. The issue was clear-cut: Did the defendant intentionally shoot the deceased Walker with a shotgun and thereby proximately cause Walker's death, and if so, was defendant justified in doing so on the ground of self-defense? When the charge of the court is construed "contextually as a whole," as every charge must be, it correctly states the principles of law involved and applies those principles to the facts in this case. *State v. Powell,* 277 N.C. 672, 178 S.E. 2d 417; *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765; *State v. Benton, supra; Beanblossom v. Thomas, supra;* 3 Strong, Criminal Law § 168; 7 Strong, Trial § 33, p. 330.

We find no prejudicial error. The charge fully presented defendant's contentions, and we find no reason to believe that the jury was misinformed or misled as to the applicable law. The jury, in a trial free from prejudicial error, simply accepted the State's version of the facts.

No error.