STATE OF NORTH CAROLINA v. DAVID EARL LOCKLEAR

No. 7416SC982

(Filed 5 March 1975)

**Homicide § 21— excessive force in self-defense — jury question**

The issue of voluntary manslaughter by reason of excessive force was a question for the jury where the evidence tended to show that defendant and deceased had been drinking, deceased was highly intoxicated, deceased indicated that he was going to take a heater from defendant's trailer, defendant replied he couldn't take it because it belonged to defendant's landlord, defendant pointed a pistol toward the floor and ordered deceased to get out, deceased began pulling a pistol from his belt under a jacket, defendant told deceased, "Don't do it," defendant fired two shots at deceased, and two inches of the barrel of deceased's pistol remained in his belt when he was shot.

APPEAL by defendant from *Clark, Judge.* Judgment entered 9 August 1974 in Superior Court, ROBESON County. Heard in the Court of Appeals 12 February 1975.

Defendant was charged with the murder of Rabun Locklear. He was brought to trial for second degree murder and entered a plea of not guilty.

State's evidence tended to show that defendant had moved into a trailer on 22 March 1974 along with one Tina April. That evening defendant left to drink beer. He returned late that night in a truck with Ronald Jacobs and the deceased, Rabun Locklear. They had been drinking beer together. Defendant went into the trailer and asked Tina April if she wanted to get something to eat. Someone shouted from the truck, "Hurry up and come on", and Tina April shouted back, "Wait a damn minute." The deceased, Rabun Locklear, then entered the trailer and said that nobody was going to curse in his grandmother's trailer. He indicated that a heater on the floor was his grandmother's and that he was going to take it. Defendant replied that he couldn't take it because it belonged to the landlord. Ronald Jacobs took the deceased by the arm and said, "Come on, let's go," but the deceased jerked his arm away saying that he wasn't going anywhere. A pistol was lying on a kitchen bar next to defendant. Defendant took the pistol, stood up, and pointed it toward the floor. He ordered the deceased to get out. With that the deceased began pulling a pistol from his belt under a jacket. Defendant pointed his pistol at the deceased and told him, "Don't do it, don't do it." Two shots were fired by defendant, and the deceased, dropping his pistol, ran down the hall to the rear door where he fell. There was evidence that approximately two inches of the barrel of the deceased's pistol remained in his belt at the time he was shot. Dr. Thompson testified for the State as a medical expert in the field of pathology and post mortem examinations. According to this witness, the primary cause of death was a gunshot wound which passed through the deceased's heart. An analysis of a blood sample taken from the deceased revealed 290 milligrams per cent of alcohol which, in the opinion of Dr. Thompson, was enough to make one highly intoxicated.

Defendant offered no evidence.

At the close of the evidence the trial court granted defendant's motion for nonsuit on the charge of second degree murder

and then submitted the issue of defendant's guilt as to voluntary manslaughter to the jury. The jury found defendant guilty of voluntary manslaughter, and from a judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*Horace Locklear, for defendant appellant.*

MARTIN, Judge.

Defendant contends it was error to deny his motion for nonsuit for the reason that he acted in self-defense, using only such force as necessary to avoid death or great bodily harm.

"The burden is on defendant to prove his plea of self-defense to the satisfaction of the jury and to prove that he used no more force than was or reasonably appeared necessary under the circumstances to protect himself from death or great bodily harm." *State v. Boyd,* 278 N.C. 682, 180 S.E. 2d 794 (1971).

In *State v. Johnson,* 261 N.C. 727, 136 S.E. 2d 84 (1964) the Court said:

"Ordinarily, when a person who is free from fault in bringing on a difficulty, is attacked in his own home or on his own premises, the law imposes on him no duty to retreat before he can justify his fighting in self defense, regardless of the character of the assault, but is entitled to stand his ground, to repel force with force, and to increase his force, so as not only to resist, but also to overcome the assault and secure himself from all harm. *This, of course, would not excuse the defendant if he used excessive force in repelling the attack and overcoming his adversary.*" (Emphasis added.)

When excessive force or unnecessary violence is used in self-defense, the killing of the adversary is manslaughter at least. *State v. Cooper,* 273 N.C. 51, 159 S.E. 2d 305 (1968).

It was incumbent upon defendant to satisfy the jury that he acted in self-defense and that, in doing so, he used no more force than was or reasonably appeared necessary under the circumstances. In our opinion the issue of voluntary manslaugh-

ter by reason of excessive force was a question for the jury in the present case.

Defendant's remaining assignment of error is without merit.

No error.

Judges VAUGHN and ARNOLD concur.