## Richmond

### Malcolm L. Bell, III, et al.

### v.

### City Council of the City of Charlottesville, et al.

December 3, 1982.

Record No. 801122.

Present: All the Justices.

Paul M. Peatross, Jr. (Carter and Peatross, on briefs), for appellants.

Roger C. Wiley, Jr., City Attorney (Jonathan S. Lynn; Lewis A. Martin, Jr.; Martin, Walker, Jones, Lawrence & Lynn, P.C.; Martin & Martin, on briefs), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

This appeal involves a challenge to the validity of certain amendments to the City of Charlottesville's zoning ordinance. The appellants claim these amendments are inconsistent with good zoning practices, allow the City Council to exceed its statutory authority in granting special permits, and violate the uniformity requirement of Code § 15.1-488.

The essential facts are undisputed. In 1975, Charlottesville, acting pursuant to Code § 15.1-503.2, established an Architectural Design Control and Historic Preservation (ADC) District. This District provides for the preservation of architectural and historic landmarks within the City. A Board of Architectural Review was established and empowered to review the appropriateness of all new construction in the District. The District encompasses both business and residential zones in the downtown area.

The First Baptist Church was located within the ADC District in an area zoned B-1. The church was destroyed by fire, and, in

October, 1977, its trustees contracted to sell the land to Carl Fisher, a real estate developer. Fisher wished to build a condominium project on the site, and the contract was made contingent upon obtaining changes in the zoning ordinance which would allow the project to proceed.

Under the zoning ordinance then in effect, residential density in a B-1 zone was limited to 21 units per acre, and buildings were required to have a 20-foot setback from the front property line. Further, all buildings within the ADC District were limited to 40 feet in height. In order to build the project, Fisher sought changes in the zoning regulations to allow a density of 80 units per acre, no setback requirement, and a height of 75 feet.

The church trustees contacted the City Council about the proposed sale. The City, through its Planning Director and City Manager, cooperated with the church and the developer in seeking the proposed changes. In January, 1978, the Council adopted three amendments which are the subject of the present suit.

Section 31-33 of the City Code was amended to permit a density of up to 87 units per acre in B-1 districts by special permit. Prior to this time, this density was allowed by permit in B-3, B-4, and R-3 districts. Several Council members expressed surprise that the higher density was not previously allowed in B-1 districts, since it was their impression that all residential uses could take place in business districts. The Planning Director could not explain why the Code did not previously provide for this use in B-1 districts.

A second amendment added § 31-228.1 to the City Code. The City Code had previously permitted the issuance of special permits under specified conditions, as allowed by the state enabling act. Code § 15.1-491. The new section provides that, under certain enumerated conditions, a permit can modify the setback and density requirements of the zoning ordinance. This amendment was designed to provide greater flexibility in the construction of new projects in the City.

The third amendment was the only one which applied specifically to the ADC District. It changed City Code § 31-140.1 to provide that a special permit can be issued to allow building heights of up to 75 feet in the portion of the ADC District lying south of High Street, provided the proposed project encompasses an entire city block. A permit can only be issued if the height is appropriate to the location in question, does not have an undue

adverse impact on the scale and architectural harmony of the District, and would permit adequate sunlight and open air to adjacent properties.

City Council members testified they were very concerned that any new project harmonize with existing buildings in the District. As proposed, the original amendment to City Code § 31-140.1 would have allowed the additional height in any portion of the District. The restriction limiting 75-foot buildings to full city blocks south of High Street was added at the suggestion of a participant at the public hearing on the amendments, who subsequently became a plaintiff in this suit. The restriction is designed to protect the District by limiting tall buildings to its more commercial portion. By limiting these projects to a full city block, the amendment assures that they will not dwarf adjacent properties.

Subsequent to these amendments, the C. F. Corporation, assignee of Carl Fisher, acquired title to the land and requested the special permits contemplated under the amendments. After review by the Board of Architectural Review and the Planning Commission, the City Council approved the special permits necessary for the project. The Board of Architectural Review then denied the corporation's request for a certificate of appropriateness for the building. However, this decision was reversed by the City Council.

The plaintiffs filed suit against the City and the developer to have the amendments and special permit declared invalid and to stop construction of the project. (Of the original plaintiffs, only Malcolm L. Bell, III, and Velora Thomson (collectively, Bell) appealed.) Following a hearing, the trial court held the amendments and permit were valid.[1]

Bell attacks the amendments as being facially invalid because they are inconsistent with good zoning practices. In addition to contending that the amendments lack uniformity and are in excess of statutory authority, which arguments are considered below, Bell alleges the amendments are contrary to the 1990 land use plan of the City, permit heights which are incompatible with the surrounding area, usurp the powers of the Board of Architectural Review, and generally do not comply with Code § 15.1-490, which outlines the factors to be considered in the adoption of zoning ordinances.

---

[1] The trial court also held the appellants lacked standing to attack the validity of the amendments and permit. However, for the purpose of this appeal, we will assume, without deciding, that they have standing.

█ We have often stated the standard to be used in ruling on a challenge to a zoning ordinance. An ordinance is entitled to a presumption of legislative validity. This presumption can be rebutted by evidence of unreasonableness. However, when evidence of reasonableness is presented to make the issue fairly debatable, the ordinance will be sustained. *Henrico County* v. *F. & W., Inc.,* 222 Va. 218, 224, 278 S.E.2d 859, 862 (1981); *Fairfax County* v. *Snell Corp.,* 214 Va. 655, 659, 202 S.E.2d 889, 892-93 (1974). The reasonableness of an ordinance is fairly debatable "when the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions." *Fairfax County* v. *Williams,* 216 Va. 49, 58, 216 S.E.2d 33, 40 (1975).

█ In the present case, appellants did not present sufficient evidence to show the amendments were unreasonable and thus failed to rebut the presumption of validity. Ample evidence was presented that, in adopting the amendments, the City Council considered the character of the property, the existing land use plan, the general welfare of the public, and the economic development of the community. Further, the Council took into account the peculiar requirements of the ADC District. In making its decision, the Council had before it studies of the heights and setbacks of surrounding buildings, a study made by the University of Virginia School of Architecture of the impact of a 75-foot building on the area, and other materials provided by the developer, the Planning Commission, and interested citizens. Even assuming the appellants presented some evidence of the unreasonableness of the amendments, there is sufficient evidence on both sides of the question to make it fairly debatable, and, under this circumstance, the ordinance must be sustained.

█ In a second argument, Bell contends the amendment adding § 31-228.1 to the City Code exceeds the authority given the City by the state enabling act, Code § 15.1-486, *et seq.* The act specifically empowers a city to grant special exceptions or use permits. Code § 15.1-491(c). It merely provides that these permits must be granted under "suitable regulations and safeguards." *Id. See also Cole* v. *City Council,* 218 Va. 827, 241 S.E.2d 765 (1978). The City Code provides that any construction allowed by special permit must conform with the City's comprehensive plans and policies and must not have an undue adverse impact on the surrounding neighborhood. City Code § 31-220. The new section, 31-228.1,

provides that in granting a special permit the City Council can modify setback and density regulations, provided the modification is in harmony with the zoning ordinance and is necessary or desirable in view of the particular circumstances of the project. These standards provide adequate protection in the issuance of permits.

Bell argues, however, that a waiver of setback and height requirements can only be made by the granting of a variance upon a showing of hardship, pursuant to Code § 15.1-495, and that special exceptions and use permits relate only to the proposed use of the land and not to the design of the structure. He contends that, by allowing setback and height regulations to be altered by special permit, the City Council is in effect granting variances without a showing of hardship, and therefore acting in excess of the powers given it by the enabling act. This argument is without merit.

The state enabling legislation does distinguish between variances and special exceptions. A variance may be granted when the location or shape of the property or other special circumstances would create a hardship if the zoning ordinance was strictly enforced. It allows a property owner to do what is otherwise not allowed under the ordinance. *Fairfax County* v. *Southland Corp.*, 224 Va. 514, 522 n.2, 297 S.E.2d 718, 722 (1982). In contrast, a special exception does not allow a landowner to do something in violation of the ordinance. Instead, the property may be developed in a way consistent with the ordinance, but only with approval of the City after specified conditions are met. *Id.* at 521-22, 297 S.E.2d at 722. Nothing in the enabling act prevents the alteration of setback and height requirements as part of the issuance of a special exception.

■ In his third argument, Bell contends the amendment to City Code § 31-140.1 violates the uniformity requirement of Code § 15.1-488,[2] since it only applies to a portion of the ADC District. We reject this argument. The special permit procedure, by its very nature, presupposes that a given use may be allowed in one part of a zoning district, but not in another. *Harding* v. *Board of Zoning Appeals*, 219 S.E.2d 324, 328 (W.Va. 1975).

Code § 15.1-488 is in reality a statutory reaffirmation of the equal protection of the law guaranteed to all persons by the Four-

---

[2] Code § 15.1-488 reads as follows:
All such regulations shall be uniform for each class or kind of buildings and uses throughout each district, but the regulations in one district may differ from those in other districts.

teenth Amendment to the Constitution. In *City of Manassas* v. *Rosson*, 224 Va. 12, 294 S.E.2d 799 (1982), we rejected an equal protection argument and held that a zoning regulation is valid if it is reasonable and bears a rational relationship to a permissible state objective. The rational basis for City Code § 31-140.1 is clear. The Council wished to restrict tall buildings to the more commercial parts of the ADC District in order to protect the character of the District and the residential neighborhood north of High Street. In fact, the amendment was proposed, not by the developer, but by a plaintiff in this suit who was concerned with protecting the District. The appellants, who on one hand wish to limit the height of all buildings in the District, on the other hand attack the regulations enacted by the City to severely limit taller buildings and thereby protect the character of the District. A rational basis exists for this amendment to the City ordinance, and it will therefore be upheld.

For the reasons stated, we are of opinion that the challenged amendments to the City zoning ordinance are valid. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*