## CIRCUIT COURT OF THE CITY OF DANVILLE

Carl Norton

v.

City of Danville

February 24, 2003

Case No. CL 02-235

BY JUDGE JOSEPH W. MILAM, JR.

Carl Norton appeals Danville City Council's decision upholding the Commission of Architectural Review's (hereinafter "CAR") denial of a Certificate of Appropriateness relating to glass panels in Mr. Norton's existing front door. The parties agree that Mr. Norton's house lies within the Danville Historic Overlay District as designated by City Council. Mr. Norton contends the design guidelines adopted by City Council exceed the authority delegated to the City by the Commonwealth. He further asserts that the CAR's exercise of its power to enforce the design guidelines is arbitrary and, therefore, illegal.

Local governing bodies in Virginia enjoy only those powers expressly conferred upon them by the state legislature. *City of Va. Beach v. Hay*, 258 Va. 217, 519 S.E.2d 314 (1999). City Council adopted Danville's Design Guidelines pursuant to authority granted by the General Assembly. Va. Code Ann. § 15.2-2306. Council's action is presumed valid absent a showing that the action is unreasonable or arbitrary. *Turner v. Board of Supervisors*, 263 Va. 283, 559 S.E.2d 683 (2002) (citing *Board of Supervisors v. Carper*, 200 Va. 653, 107 S.E.2d 390 (1959)).

Mr. Norton's attack on the validity of the City's ordinance rests primarily on his assertion that the City's reading of § 15.2-2306, the enabling statute, is too broad. He argues that the statute does not grant to the City the power to consider the impact of a proposed alteration on the architectural or

historical integrity of the building itself. Norton interprets this statute narrowly; he suggests that the City may consider only whether the building's overall design is compatible with other structures in the Historic District.

Mr. Norton bears the burden of proving that the City's ordinance is "clearly unreasonable, arbitrary, or capricious." *Turner*, 263 Va. at 288, 107 S.E.2d at 686 (quoting *Carper*, 200 Va. at 660, 107 S.E.2d at 395). However, when evidence is presented to make the reasonableness of the ordinance fairly debatable, the ordinance will be sustained. *Bell v. City of Charlottesville*, 224 Va. 490, 297 S.E.2d 810 (1982). Reasonableness is fairly debatable "when the evidence offered in support of the opposing views would lead objective and reasonable persons to reach different conclusions." *Id.* at 495, 297 S.E.2d at 813.

Objective and reasonable people can disagree about the impact, if any, of Mr. Norton's proposed alteration on the architectural and historical integrity of the structure at issue and the impact of a compromise in this integrity on the structure's compatibility with other structures in the Historic District. Mr. Norton has presented evidence and has asserted argument in support of his assertion that a majority of the City Council erred in voting to uphold CAR's denial of a certificate of appropriateness in his case.

The issue before this Court, however, is not whether it agrees or disagrees with City Council's decision. Presented with an ordinance of fairly debatable reasonableness, the Court cannot substitute its judgment for that of City Council of members who are charged with deciding. *Martin v. City of Danville*, 148 Va. 247, 138 S.E.2d 629 (1927). For the foregoing reasons, the Court is of the opinion that Mr. Norton's challenge fails. The City Attorney is requested to draft and circulate an order consistent with the Court's ruling. It is requested that the order provide Mr. Norton a reasonable period of time in which to comply.