COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, Frucci and Senior Judge Annunziata
Argued at Fairfax, Virginia

PUBLISHED

AVONLEA LLC

v.     Record No. 0952-23-4

KARL MORITZ, DIRECTOR OF PLANNING AND
 ZONING FOR THE CITY OF ALEXANDRIA, ET AL.

OPINION BY
JUDGE ROSEMARIE ANNUNZIATA
SEPTEMBER 3, 2024

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Gifford R. Hampshire (James R. Meizanis, Jr.; Blankingship &
Keith, P.C., on briefs), for appellant.

Travis S. MacRae, Senior Assistant City Attorney, for appellees
Karl Moritz, Director of Planning and Zoning for the City of
Alexandria and the City Council of the City of Alexandria.

David Chamowitz (Michael J. Chamowitz; Chamowitz &
Chamowitz, P.C., on brief), for appellees Charlene MacDonald and
R. Shawn Martin.


Avonlea LLC appeals the circuit court's order overturning the decision by the Board of

Zoning Appeals of the City of Alexandria (BZA) to grant Avonlea a variance from Alexandria

Zoning Ordinance § 8-200(C)(6)(A).[1]  Avonlea challenges the circuit court's ruling that the BZA

lacked statutory authority to grant a variance.  It also argues that the circuit court erroneously

excluded witness testimony and applied the wrong standard when reviewing the BZA's factual

_____

[1] The ordinance was codified at § 8-200(C)(5)(a) at the time of Avonlea's variance
application.

findings. We agree with the circuit court that the BZA lacked authority to grant a variance. Thus, we affirm without reaching Avonlea's remaining assignments of error.[2]

BACKGROUND

Avonlea owns two adjacent lots on South Lee Street within the Old and Historic Alexandria District. Lot 322 has a dwelling on it while lot 324 is primarily vacant. By ordinance, "access to all parking [within the Old and Historic Alexandria District] shall be provided from an alley or interior court." Alexandria Zoning Ordinance § 8-200(C)(6)(A). Avonlea applied to the BZA for a variance from that ordinance, claiming that it prevented reasonable use of their property because it could not be accessed from an alley or interior court. Avonlea proposed "to construct a landscaped parking area located behind a gated fence" on lot 324 that would allow parking for two cars. Avonlea stated in its application that it had "applied to the Department of Transportation and Environmental Services for a curb cut."[3]

At a September 2022 BZA hearing, witnesses testified for and against the variance. The BZA approved the variance with five conditions; four applied to the curb cut and one applied to the fence and gate. Director of Planning and Zoning of the City of Alexandria Karl Moritz and

---

[2] On appeal, "we decide cases 'on the best and narrowest grounds available.'" *Taylor v. Commonwealth*, 78 Va. App. 147, 157 (2023) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)).

[3] In its application, Avonlea requested a variance "to permit access to a non-required parking area to be provided from a curb cut." In letters requesting support from neighbors, Avonlea wrote that "[w]e are in the process of applying for a curb cut and . . . a variance to provide access to the parking area from the curb cut" and asked neighbors to sign a certification stating, "I/we support the curb cut application." And much of the opposition to the variance before the BZA centered around concern about adding a new curb cut. In a letter to the BZA commissioners, however, Avonlea's counsel wrote, "[a]s the Commissioners evaluate the request for the variance it is important to note that the issue is 'access' and not whether or not a curb cut can be constructed." And in its briefing before the circuit court, Avonlea asserted that the "approval of a curb cut [was] not the subject of the [v]ariance [a]pplication" because '[c]urb cuts are approved through a separate process entirely and different entity.'" The regulations surrounding curb cuts are found in Alexandria City Ordinance § 5-2-14.

the City Council of the City of Alexandria petitioned the circuit court for a writ of certiorari to review the BZA's decision granting a variance. Two citizens joined in that petition. The circuit court issued the writ.

The citizen petitioners moved to exclude Avonlea from presenting new witness testimony to the circuit court. The court granted that motion over Avonlea's objection, and prohibited Avonlea from presenting testimony from two witnesses, one who had testified at the hearing before the BZA and one who had not. Avonlea proffered that each witness would testify about the ordinance's effect on Avonlea's use of its property.

After hearing argument, the circuit court issued a letter opinion and order overturning the BZA's variance grant. The court concluded that the BZA lacked statutory authority to grant a variance from Alexandria Zoning Ordinance § 8-200(C)(6)(A) because that ordinance did not regulate the types of activities that are subject to a variance. The court further concluded that, even if the ordinance was subject to a variance, the BZA erred in granting one because other variance requirements were not met, such as proof that the hardship is not shared generally by other property owners. Avonlea appeals.

ANALYSIS

This case requires us to interpret statutes defining the BZA's authority. "The 'primary objective of statutory construction is to ascertain and give effect to legislative intent.'" *Grethen v. Robinson*, 294 Va. 392, 397 (2017) (quoting *Turner v. Commonwealth*, 226 Va. 456, 459 (1983)). We determine that intent "from the plain meaning of the language used." *Street v. Commonwealth*, 75 Va. App. 298, 306 (2022) (quoting *Hillman v. Commonwealth*, 68 Va. App. 585, 592-93 (2018)).

The BZA "is a creature of statute possessing only those powers expressly conferred upon it." *Adams Outdoor Advert., Inc. v. Bd. of Zoning Appeals of the City of Va. Beach*, 261 Va. 407,

- 3 -

415 (2001) (quoting *Bd. of Zoning Appeals of James City Cnty. v. Univ. Square Assoc.*, 246 Va. 290, 294 (1993)). A locality "may not expand the BZA's powers beyond those expressly conferred by the General Assembly." *Id.* The General Assembly has authorized the BZA to grant a "variance" from a local zoning ordinance if certain requirements are met. Code §§ 15.2-2201, -2309. Generally, "[a] variance 'allows a property owner to do what is otherwise not allowed under the ordinance.'" *Sinclair v. New Cingular Wireless PCS, LLC*, 283 Va. 198, 204 (2012) (quoting *Bell v. City Council of Charlottesville*, 224 Va. 490, 496 (1982)). Specifically, a variance is

> a reasonable deviation from those provisions regulating the shape, size, or area of a lot or parcel of land or the size, height, area, bulk or location of a building or structure when the strict application of the ordinance would unreasonably restrict the utilization of the property, and such need for a variance would not be shared generally by other properties, and provided such variance is not contrary to the purpose of the ordinance. It shall not include a change in use, which change shall be accomplished by a rezoning or by a conditional zoning.

Code § 15.2-2201.

Alexandria has codified the same definition of variance in its zoning ordinances, which recognize that the BZA may grant a variance only if it meets the statutory definition. Alexandria Zoning Ordinances §§ 2-201.1, 11-1103(A). Thus, the BZA has authority to issue a variance to an underlying ordinance only if the ordinance "regulat[es] the shape, size, or area of a lot or parcel of land or the size, height, area, bulk or location of a building or structure"; otherwise, the petition seeks relief other than a "variance" under Code § 15.2-2201.

Here, Avonlea requested a variance from Alexandria Zoning Ordinance § 8-200(C)(6)(a), which provides:

> Within the Old and Historic Alexandria District, access to all parking shall be provided from an alley or interior court. Upon a finding by the planning commission or director that it is clearly not feasible to provide such access, a waiver as to part or all of any

- 4 -

> parking requirement may be granted by the planning commission as part of its site plan review or, if no site plan is required, by the director.

The circuit court found that Alexandria Zoning Ordinance § 8-200(C)(6)(a) is not the type of provision from which the BZA can statutorily grant a variance. We agree.

It is undisputed that Alexandria Zoning Ordinance § 8-200(C)(6)(a) does not "regulat[e] the shape, size, or area of a lot or parcel of land." Code § 15.2-2201. Avonlea contends, however, that it regulates "the area and location of any potential parking structure." A "structure" is "[t]hat which is built or constructed, an edifice or building of any kind or any piece of work artificially built up or composed of parts joined together in some definite manner." Alexandria Zoning Ordinance § 2-197. Avonlea argues that the landscaped parking area it seeks to build is a structure that the ordinance regulates.[4] Avonlea's argument misses the mark.

The BZA has jurisdiction to grant a variance only "from the *literal* terms" of an ordinance. Alexandria Zoning Ordinance § 11-1101 (emphasis added); s*ee also* Alexandria Zoning Ordinance § 11-1006 (recognizing that the BZA is "a body of limited jurisdiction" and that "[a]ll provisions . . . relating to the [BZA] shall be strictly construed"). In *Adams Outdoor Advertising*, the City of Virginia Beach amended the city's zoning ordinances to regulate the size, shape, and location of billboards and deemed all preexisting billboards to be nonconforming. *Adams Outdoor Advert.*, 261 Va. at 409, 413. One ordinance prohibited owners of a nonconforming sign from spending more than 50% of the sign's original cost on repairs without bringing the sign into compliance. *Id.* at 412. The Supreme Court held that the BZA could not grant a variance from the cost provision because that ordinance's literal terms "'deal[t]

---

[4] Avonlea does not argue that curb cuts are structures regulated by the ordinance such that the BZA can grant a variance. As stated previously, Avonlea expressly disavowed to the circuit court that the curb cut was the subject of the variance application and wrote to the BZA that "the issue [was] 'access' and not whether or not a curb cut c[ould] be constructed."

only with the costs expended on repairs of non-conforming structures' and not with the size, area, bulk or location of the structures." *Id.* at 414. In doing so, the Court rejected the appellant's argument that an ordinance was authorized due to the cost ordinance being "inextricably tied" to other ordinances that regulated the size and location of billboards. *Id.* at 413.

Here, Alexandria Zoning Ordinance § 8-200(C)(6)(a)'s literal terms regulate only "*access to . . . parking.*" (Emphasis added). "Access" means "permission, liberty, or ability to enter, approach, communicate with, or pass to and from." *Access*, *Webster's Third New International Dictionary* (2002). That is, the ordinance regulates only whether one may travel from a roadway onto a lot to park. It does not regulate whether one may build a structure. Building a dedicated parking space may make parking easier, but it is not necessary to "provide access." That is, someone could park on lot 324 as it is if they could access it from an alley or interior court. And the ordinance does not prevent Avonlea from replacing the grass on lot 324 with brick or other material Avonlea believes would be better suited as a parking space. It prevents them only from accessing that lot for parking from the street rather than an alley or interior court.[5] Therefore, the circuit court correctly determined that Alexandria Zoning Ordinance § 8-200(C)(6)(a) does not regulate the location of a building or structure and that the BZA lacked the authority to grant a variance from that ordinance.[6]

---

[5] That the ordinance falls under the subheading, "Location of parking facilities" does not defeat our plain reading. The subheading title is not part of the body of the ordinance and cannot control over the ordinance's plain meaning. *See Edwards v. Commonwealth*, 53 Va. App. 402, 417 n.6 (2009) (en banc) ("[T]he summary title is not part, and does not determine the meaning, of the body of a statute." (alteration in original) (quoting *Mason v. Commonwealth*, 217 Va. 321, 323 (1976))).

[6] The regulation from which Avonlea sought a variance includes a procedure to obtain a "waiver" (not a variance) if parking from an alley or interior court is not feasible. Alexandria Zoning Ordinance § 8-200(C)(6)(a). Thus, the ordinance itself provides a specific mechanism that Avonlea could have pursued to develop its lots. If "'the property may be developed in a way

CONCLUSION

We need not address Avonlea's remaining assignments of error. In light of our decision that the BZA lacked authority to grant a variance, any error the circuit court may have committed in considering whether Avonlea established the other requirements for a variance would be harmless. Accordingly, we affirm the circuit court's judgment.

*Affirmed.*

---

*consistent with* the ordinance . . . with the approval of the [locality] after specified conditions are met,' a variance is not necessary." *Sinclair*, 283 Va. at 204 (second alteration in original) (emphasis added) (quoting *Bell*, 224 Va. at 496).